# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-4099 |
| | § | |
| 288/59 GP LLC, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Pending before the court is plaintiff's motion for summary judgment (Dkt. 38) and plaintiff's motion to strike portions of defendants' summary judgment exhibits (Dkt. 44). After review of the motions, the responses, the replies, and the applicable law, the court is of the view that plaintiff's motion for summary judgment be GRANTED, and that the motion to strike be GRANTED for the reasons stated below.

## BACKGROUND

Plaintiff Compass Bank, as the successor in interest to Texas State Bank, brought this lawsuit for breach of contract seeking to enforce the terms of six guaranties executed by defendants Brownlee, Burgher and Butler with respect to: (1) two promissory notes executed by Rosenberg 59, LP in the amounts of $6,000,000.00 and $1,829,065.00, respectively; and (2) a promissory note executed by 288/59 II, LTD in the principal amount of $7,411,522.00. While the suit was pending, Compass Bank foreclosed on the subject properties, and was the successful bidder at auction with respect to each of those properties on May 4, 2010. The parties agree that the sale price of each property was far less than the amounts due under the notes. Compass Bank now seeks to recover

the deficiency between the amounts owed on the respective notes, and the amounts credited for the sales prices of the subject properties.

Compass Bank filed a motion for summary judgment seeking to recover the post-foreclosure deficiencies pursuant to the terms of the guaranties executed by defendants, and argues therein that defendants' proposed defense seeking to challenge the reasonableness of the sales prices of the properties in foreclosure has been waived. Dkt. 39. Defendants oppose summary judgment, and assert that they are entitled to interpose an affirmative defense, in one fashion or another, premised upon their evidence that the sale price of the subject properties did not approach the fair market value of those properties at the time of the sale. Dkt. 40. Defendants also seek to present their own affidavits concerning their lack of knowledge that they were waiving their right to offset when they signed the guaranties. *Id*. Compass Bank moves to strike defendants' evidence with respect to fair market value and the parol evidence concerning defendant's understanding of the terms of the guaranties. Dkt. 44.

## SUMMARY JUDGMENT STANDARD

A timely motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408,

411 (5th Cir.2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *Celotex*, 477 U.S. at 323-25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

3

## ANALYSIS

A plaintiff seeking to enforce a guaranty must prove:  "(1) the existence and ownership of the guaranty agreement; (2) the terms of the underlying contract by the holder; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the guarantor."  *Byrd v. Estate of Nelms*, 154 S.W.3d 149, 157 (Tex. App. – Waco 2004, pet. denied).  Courts enforce guaranties according to their terms when those terms are clear and unambiguous.  *Texas Nat. Bank v. Johnson*, 11 F.3d 1260, 1266 (5th Cir. 1994).  Defendants do not contest that these elements have been met in this case.  Rather, the dispute centers upon the foreclosure sales that occurred after defendants failed to perform under the guaranties.

### 1.      Waiver of offset.

When a foreclosure sale occurs in the context of enforcement of a guaranty, Texas law provides that the remaining loan deficiency be computed by subtracting the sales price of the property from the then-existing loan balance.  TEX. PROP. CODE ANN. § 51.003(a).  Defendants argue that they are entitled to an offset on the amount of any deficiency judgment for any difference between the price paid in foreclosure for the properties sold to satisfy the guaranties, and the true market value of those properties.  Indeed, Texas law provides that any person against whom a deficiency is sought is entitled to a credit for the difference between the amount of the liens against the property and the fair market value of the property as of the date of the foreclosure sale.  TEX. PROP. CODE ANN. § 51.003(b).  The offset contained in Section 51.003 applies to guarantors.  *LaSalle Bank N.A. v. Sleutel*, 289 F.3d 837, 840 (5th Cir. 2002) (citing *Long v. NCNB-Texas Nat. Bank*, 882 S.W.2d 861 (Tex.App. – Corpus Christi 1994)).  However, the separate guaranty agreements in this case contain an express waiver of defendants' rights "to interpose against [plaintiff] any setoff or counterclaim of any nature or description, whether of Borrower or Guarantor, in the computation of

4

any amounts payable by Guarantor hereunder or in any litigation arising out of or relating to this guaranty . . . ."  Dkts. 39-5, 39-7, 39-10, 39-12.  The Fifth Circuit, anticipating Texas law, has held that such contractual waivers will be given effect.  *LaSalle Bank N.A.*, 289 F.3d at 840.  The ruling in *LaSalle Bank* is binding on this court, and, accordingly, this court finds that defendants waived their rights to offset under Section 51.003 with respect to the guaranties and properties at issue.

Defendants argue that plaintiff failed to plead the contractual waiver in the complaint, and that plaintiff has, in effect, waived its ability to assert defendants' waiver of the right to offset.  The court disagrees.  Plaintiff pled all necessary elements of its claims by alleging the existence of the guaranties, breach thereof, and the existence of deficiencies after the sale of the properties.  *Byrd*, *supra*.  The offset available under Section 51.003(b) is an affirmative defense to plaintiff's claims.  Plaintiff was under no duty to include in its complaint any allegations in anticipation of that affirmative defense.  "The pleading requirements in the Federal Rules of Civil Procedure, however, do not compel a litigant to anticipate potential affirmative defenses . . . and to affirmatively plead facts in avoidance of such defenses."  *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007).

### 2.    Other challenges to the contractual waiver.

Defendants make two other arguments with respect to the contractual waiver of the right to offset.  First, they assert that they were unaware that they were waiving their right to offset by signing the guaranties.  Dkt. 40 at 5.  However, the language in the guaranty agreements is clear and unambiguous.  Defendants agreed to waive "any setoff or counterclaim of any nature or description" concerning amounts owed under the guaranties.  Dkts. 39-5, 39-7, 39-10, 39-12.  "An unambiguous contract will be enforced as written, and parol evidence will not be received for the purpose of creating an ambiguity or to give the contract a meaning different from that which its language imports."  *David J. Sacks, P.C. v. Haden*, 266 S.W.3d 447, 450 (Tex. 2008).  Defendants' affidavits

5

concerning their understanding (or lack thereof) of the waiver provision are inadmissible, and cannot create ambiguity where none is apparent on the face of the documents.

Second, defendants assert they had no choice but to agree to the waiver provisions in the guaranties, and that they would have been forced to file for bankruptcy had they not executed those agreements. Dkt. 40 at 6. Defendants argue that this make the waivers involuntary and unenforceable. The court interprets this as a claim that the guaranty agreements were entered into under economic duress and are unenforceable. "The elements of economic duress are: (1) a threat to do something that a party has no legal right to do; (2) illegal exaction or some fraud or deception; and (3) imminent restraint such as to destroy free agency without present means of protection. *King v. Bishop*, 879 S.W.2d 222, 223 (Tex.App. – Houston [14th Dist.] 1994, no writ); *Simpson v. MBank Dallas, N.A.*, 724 S.W.2d 102, 109 (Tex.App. – Dallas 1987, writ ref'd n.r.e.)." *ABB Kraftwerke, Ltd. v. Brownsville Barge & Crane, Inc.*, 115 S.W.3d 287, 294 (Tex.App. – Houston [14th Dist.] 2004, pet. denied). Defendants have presented no evidence with respect to the first two elements, and this proposed defense necessarily fails.

### 3.    Evidence of true market value.

Defendants next assert that, even if they have waived the right to present evidence of true market value to obtain an offset against the deficiencies under Section 51.003(c), they may still present evidence of true market value in the context of challenging plaintiff's proof of the existence of a deficiency in the first instance. More specifically, defendants wish to present evidence that the true market value of each property was greater than the indebtedness owed at the time plaintiff foreclosed and, hence, that no "deficiency" exists because plaintiff received more in value than it was due. Defendants assert, in essence, that plaintiff cannot prove a deficiency where the true market value of the property exceeds the amount of indebtedness owed. Defendants misread the applicable

6

Texas statute which treats the deficiency as established when the sale of the property is complete, and then requires a calculation involving the actual sale price, and not the true market value of the property. "If the price at which real property is sold at a foreclosure sale under Section 15.002 [non-judicial foreclosure] is less than the balance of the indebtedness secured by the real property, resulting in a deficiency" then an action may be brought to recover that deficiency. TEX. PROP. CODE ANN. § 51.003(a, b). Defendants do not contest the relevant underlying facts; they concede that the properties were sold for amounts less than the outstanding indebtedness. Therefore, a deficiency has been established in this case, and the true market value of a property is relevant only to the extent that it provides a potential offset against the deficiency established by the difference between the sale price and the outstanding indebtedness. TEX. PROP. CODE ANN. § 51.003(c). Defendants may not avoid their waiver of the right to offset by changing the way in which the statute computes a deficiency in the first instance.

### 4.    Commercially reasonable sales.

Defendants last argue that they are entitled to prove that the foreclosure sales were not conducted in conformance with Texas law, and specifically that the sales were not "commercially reasonable." Dkt. 40 at 8. Defendants cite to TEX. BUS. & COM. CODE. ANN. § 9.626(a), and *Whitney National Bank v. Air Ambulance*, 516 F.Supp.2d 802 (S.D. Tex. 2007). Neither *Whitney National Bank*, which involved the sale of airplanes that were security for a loan, nor Section 9.626(a) applies to foreclosures on real property. See TEX. BUS. & COM. CODE. ANN. § 9.109(d)(11); Thus, Texas law concerning "commercially reasonable sales" is not relevant to this case.

### 5.    Amount of Damages and Attorneys' fees.

Plaintiff has provided evidence establishing the amount of the deficiencies, and the interest that has accrued since the deficiencies were established with the sale of the properties, but the

computation ceases as of October 28, 2010.  Dkt. 39 at 6.  The parties are ordered to submit an updated computation of damages as of the date of this order.

Plaintiff also seeks contractual attorneys' fees.  Defendants contest the amount of the fees requested, but do not contest plaintiff's contractual right to recover reasonable attorneys' fees.  The court grants the motion for summary judgment with respect to the right to recover attorneys' fees, and directs the parties to submit evidence concerning the amount of those fees, if agreement on the amount of fees cannot be reached.

## CONCLUSION

Plaintiff's motion for summary judgment (Dkt. 38) is GRANTED.  Further, since evidence of true market value is irrelevant, and parol evidence concerning defendants' understanding of the guaranties is not admissible, plaintiff's motion to strike those portions of defendants' summary judgment exhibits (Dkt. 44) is GRANTED.  The parties shall submit, on or before January 19, 2011, an updated computation of the amount of contractual damages due as of the date of this order. Plaintiff's bill of costs, including attorneys' fees, is due that same date, and defendants may respond thereto on or before January 26, 2011.

It is so ORDERED.

Signed at Houston, Texas on January 4, 2011.

_____
Gray H. Miller
United States District Judge

8