UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| COMPASS BANK, | § | |
| | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-4099 |
| | § | |
| 288/59 GP LLC, *et al.*, | § | |
| | § | |
|     *Defendants*. | § | |

## ORDER AWARDING DAMAGES, ATTORNEYS' FEES AND COSTS

The court has already ruled that Compass Bank is entitled to damages and reasonable attorneys' fees and costs in this case, but requested additional briefing. Dkt. 55. Compass Bank has filed its brief in support damages, attorneys' fees and costs. Dkt. 58. After review of the brief, the response, the reply and applicable law, the court awards the damages, attorneys' fees and costs set forth below.

### BACKGROUND

Plaintiff Compass Bank, as the successor in interest to Texas State Bank, brought this lawsuit for breach of contract seeking to enforce the terms of six guaranties executed by defendants Brownlee, Burgher and Butler with respect to: (1) two promissory notes executed by Rosenberg 59, LP ("Rosenburg 59 Notes") in the amounts of $6,000,000.00 and $1,829,065.00, respectively; and (2) a promissory note executed by 288/59 II, LTD ("288/59 Note") in the principal amount of $7,411,522.00. While the suit was pending, Compass Bank foreclosed on the subject properties, and was the successful bidder at auction with respect to each of those properties on May 4, 2010. The parties agree that the sale price of each property was far less than the amounts due under the notes. Compass Bank was granted summary judgment with respect to its claim that it is entitled to

judgment for the deficiency between the amounts owed on the respective notes, and the amounts credited for the sales prices of the subject properties. Dkt. 55.

**1.      Calculation of contractual damages.**

Compass Bank has submitted a computation of the damages under each note as of the date that summary judgment was entered, January 4, 2011. Defendants do not object to the calculation of these amounts. Therefore, FINAL JUDGMENT will be entered in favor of Compass Bank and against defendants in the amount of: (1) $3,219,161.22 with respect to the Rosenburg 59 Notes; and (2) $5,427,740.34 with respect to the 288/59 Note.

**2.      Attorneys' fees and costs.**

Compass Bank seeks a total of $215,976.70 in attorneys' fees and $9,183.51 in costs. Dkt. 58. Defendants do not object to the costs requested by Compass Bank, nor do they contest Compass Bank's right to recover reasonable attorneys' fees. Defendants do, however, challenge the reasonableness of the fees requested. Dkt. 59.

This is a diversity case involving application of state law. "State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Pursuant to Tex. Civ. Prac. & Rem.Code § 38.001(7), Compass Bank "may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs" for a breach of contract. TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(7) (Vernon 2002). An award of reasonable attorney's fees is mandatory if there is proof of the reasonableness of the fees and the plaintiff has been awarded damages. *Mathis v. Exxon Corp.*, 302 F.3d at 462 (citing TEX. CIV. PRAC. & REM.CODE ANN. § 38.001(8) (Vernon 2002)). Compass Bank bears the burden of proving reasonableness of the fees and of providing sufficient documentation to support an award. *Pelt v. U.S. Bank Trust National Ass'n*, 259

F.Supp.2d 541 (N.D. Tex. 2003).  The determination of reasonableness and calculation of the proper fee award is left to the court's discretion, but is guided by "a rebuttable presumption of reasonableness for fees that are 'usual' or 'customary" and the ability of the court to "take judicial notice of the 'usual and customary fees' and the contents of the case file." *Id* ., citing TEX. CIV. PRAC. & REM.CODE ANN. § 38.003-4 (Vernon 2002).

Compass Bank has provided documentary support for its requested fees, including a chart reflecting the hours billed on a monthly basis, as well as an affidavit from Compass Bank's counsel attesting that the fees are both customary and reasonable.  Dkt. 58-4.  Defendants contest the reasonableness of the fees on two bases:   (1) Compass Bank includes fees incurred in two bankruptcy proceedings as well as fees incurred in this case; and (2) $215,976.70 appears excessive for a relatively simple case, particularly in light of the fact that defendants have incurred slightly more than $32,000.00 in litigating the same matters, including the bankruptcy cases.  Dkt. 59.

First, the court is convinced that Compass Bank is entitled to an award of fees for its actions in the two bankruptcy proceedings that were initiated by defendants.[1]  The guaranty agreements in question provide that Compass Bank is entitled to recover its reasonable costs and fees associated with enforcing its rights under the agreements whether those actions are taken in "bankruptcy" or "any other proceeding . . . ." Dkt. 1-2 at 6.  Costs and fees arising from Compass Bank's actions in defendants' bankruptcy proceedings were part of its effort to enforce its contractual rights, and the reasonable attorneys' fees and costs incurred in those proceedings are recoverable.

---

[1]   Compass Bank also seeks reimbursement for costs and fees arising from the foreclosure sales on the properties that occurred on May 4, 2010.  Defendants do not challenge Compass Bank's right to recover those fees and costs.

3

This leaves the more thorny issue of the amount of the attorneys' fees requested. The court has reviewed the records submitted by counsel for Compass Bank, and is convinced that the hours expended in this relatively straightforward case are excessive. More specifically, the hours billed during the time when the motion for summary judgment was being prepared in this case reflects approximately 300 hours of attorney time. Dkt. 58-4 at 3. The motions practice in this case does not justify such an expenditure of attorney time, and this is true even if a portion of the billed time was devoted to pretrial preparation. In all, Compass Bank seeks reimbursement for a total of 681.1 hours of attorney and paralegal time. Dkt. 58-4 at 1-3. Although there is not sufficient detail in the billing records to individually review the reasonableness of each entry, it is apparent that more than 600 of the hours billed were incurred after the inception of this litigation, and that the vast majority of the hours billed occurred after the foreclosure sales that occurred on May 4, 2010. In short, in this uncomplicated case, roughly 600 hours were billed to conduct brief discovery and prepare a straightforward motion for summary judgment.

District courts should reduce attorneys' fee awards so as to exclude "unproductive, excessive, or redundant hours." *Walker v. United States Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996). In this respect, the courts have the discretion "to utilize a simple across-the-board reduction by a certain percentage as an alternative to line-by-line reductions, particularly when fee documentation is voluminous." *Project Vote v. Blackwell*, 2009 WL 917737 *6 (N.D.Ohio 2009). See also, *Loranger v. Stierheim*, 10 F.3d 776, 783 (11th Cir. 1994) ("Where fee documentation is voluminous ... an hour-by-hour review is simply impractical and a waste of judicial resources."). Here, without the information necessary to conduct a line-by-line review of the billing records, and not wishing to expend scarce judicial resources by undertaking such an

inquiry, the court finds the amount of attorneys' fees requested unreasonable, and will reduce that amount by forty percent.

Compass Bank is hereby granted attorneys' fees in the total amount of $129, 586.02, and an unreduced award of costs in the amount of $9,183.51.

It is so ORDERED.

Signed at Houston, Texas on February 23, 2011.

_____
Gray H. Miller
United States District Judge